IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY MEARS and CARL MEARS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-18-1091-R |
| | ) |
| (1) ASTORA WOMEN'S HEALTH, LLC | ) |
| (formerly known as American Medical | ) |
| Systems Inc.); | ) |
| (2) AMERICAN MEDICAL SYSTEMS | ) |
| HOLDING COMPANY, INC.; | ) |
| (3) ENDO PHARMACEUTICALS, INC.; and | ) |
| (4) ENDO HEALTH SOLUTIONS, INC.; | ) |
| (formerly known as Endo Pharmaceuticals | ) |
| Holdings, Inc.), | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before this Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 11). The matter is fully briefed and at issue. *See* Docs. 11–13. For the reasons stated herein, the Court GRANTS in part and DENIES in part Defendants' motion.

**I.     Background**

Plaintiffs filed this suit on November 6, 2018, and, responding to Defendants' initial motion to dismiss (Doc. 5), sought leave to amend on December 26, 2018, which the Court granted. *See* Docs. 6–7. Plaintiffs filed their amended complaint (Doc. 8) on January 2,

2019, and Defendants moved to dismiss the amended complaint on January 16, 2019. *See* Doc. 11.[1]

Taking as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to Plaintiffs, *see Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013), Plaintiffs allege that Defendants "designed, patented, manufactured, labeled, marketed and sold a line of pelvic mesh products" that were primarily intended to "treat[] stress urinary incontinence a[n]d pelvic organ prolapse." Doc. 8, at 2. Plaintiff Shirley Mears had three of these mesh products surgically implanted on November 8, 2009, to treat uterine and vaginal descent. *Id*. at 3. On November 10, 2016, these mesh products were "surgically removed, due to the mesh penetrating [Ms. Mears's] vaginal wall." *Id*. Among other causes of action, Plaintiffs allege negligence, products liability, and breach of warranty claims against Defendants, asserting that the products at issue were defective and injured Ms. Mears. *See id*. at 19–57.

## II.  **Legal Standards for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

A legally-sufficient complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).[2] Operationalizing the Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This

---

[1] On January 7, 2019, this case was reassigned to the undersigned judge. *See* Doc. 9.
[2] A legally-sufficient complaint must also include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." *Id*.

standard "is 'a middle ground between heightened fact pleading . . . and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). That is, the plaintiff's complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. at 1192 (internal quotation marks and citations omitted). While assessing plausibility is "a context-specific task . . . requir[ing] . . . court[s] to draw on [their] judicial experience and common sense," *Iqbal*, 556 U.S. at 679, complaints "'plead[ing] factual content that allows the court to . . . reasonabl[y] infer[] that the defendant is liable for the misconduct alleged'" are facially plausible. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering a Rule 12 motion to dismiss, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett*, 706 F.3d at 1235. A complaint may be dismissed for failure to state a claim, though, where its allegations establish that relief is barred by the applicable limitations period. *See Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

### III. <u>Discussion</u>

Defendants move to dismiss Plaintiffs' claims on myriad grounds. First, Defendants argue that the entire amended complaint should be dismissed because it is nothing more than "shotgun" or "kitchen sink" pleading. *See* Doc. 11, at 4–6. The Court disagrees. Preliminarily, the number and nature of the Defendants merits clarification. Based on the

3

civil docket and the parties' filings, Plaintiffs are asserting claims against four defendants: (1) Astora Women's Health, LLC (formerly known as American Medical Systems, Inc.); (2) American Medical Systems Holding Company, Inc.; (3) Endo Pharmaceuticals, Inc.; and (4) Endo Health Solutions, Inc. (formerly known as Endo Pharmaceuticals Holdings, Inc.). *See* Doc. 8, at 1.[3] Plaintiffs allege that Astora Women's Health, LLC is a wholly owned subsidiary of American Medical Systems Holding Company, Inc., and in turn that American Medical Systems Holding Company, Inc. is a wholly owned subsidiary of Endo Pharmaceuticals, Inc. and Endo Health Solutions, Inc. *See id.* In other words, Plaintiffs assert that Defendants share some common, corporate structure and are interrelated in the manufacturing, designing, and marketing of the products at issue. *See id.* at 1–3.

As Defendants acknowledge, the purpose of Rule 8's pleading burden is to "'provide fair notice of the grounds for the claims made against each of the defendants.'" Doc. 11, at 5 (quoting *VanZandt v. Okla. Dep't of Human Servs.*, 276 F. App'x 843, 849 (10th Cir. 2008). Far from being opaque or scattershot, Plaintiffs' amended complaint, though lengthy, is replete with detailed factual allegations that give Defendants fair notice of the claims they face. Moreover, Plaintiffs assert claims, such as products liability, that may implicate actors "up the chain" of production. *See Kirkland v. Gen. Motors Corp.*, 1974 OK 52, ¶ 21, 521 P.2d 1353, 1361. Plaintiffs' decision to allege against Defendants

---

[3] According to Defendants, Astora Women's Health Holdings, LLC—formerly known as Astora Women's Health, Inc., and before that as American Medical Systems Holdings, Inc.—is no longer in existence as of June 21, 2017. *See* Doc. 11, at 1 n.1. The Court assumes that Defendants' notice as to Astora Women's Health Holdings, LLC's dissolution refers to the named Defendant, "American Medical Systems Holding Company, Inc."—Defendants' placement of their footnote on the issue seems to indicate as much—but, given the difference in names, the Court cannot be sure.

4

collectively, then, is not fatal to their amended complaint. Accordingly, the Court declines to dismiss the amended complaint in its entirety, as urged by Defendants.

Second, Plaintiffs concede that Oklahoma's Consumer Protection Act ("OCPA"), 15 O.S. § 751, *et seq.*, does not apply to this case. Doc. 12, at 4. Accordingly, the Court grants Defendant's motion to dismiss as to Plaintiffs' OCPA claim, *see* Doc. 8, at 46 (Count XIII of the amended complaint).

Third, Plaintiffs also agree with Defendants' contention that "fraudulent concealment is not an independent cause of action [under Oklahoma law], and therefore is not a claim upon which relief may be granted." Doc. 11, at 8 (citing *McAlister v. Ford Motor Co.*, No. CIV-14-1351-D, 2015 WL 4775382, at *3 (W.D. Okla. Aug. 13, 2015)); *see also* Doc. 12, at 7 ("[A]ll claims *other than the fraudulent concealment as a separate claim and the violation of the consumer protection laws* should remain active . . . ." (emphasis added)). Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiffs' fraudulent concealment claim, *see* Doc. 8, at 35 (Count VIII of the amended complaint).

Fourth, Defendants argue that Plaintiffs' negligent infliction of emotional distress ("NIED") claim should be dismissed, as Oklahoma does not recognize this claim as an independent tort. *See* Doc. 11, at 9. Plaintiffs tacitly concede this, though they argue that their NIED claim is just a claim for negligence. *See* Doc. 12, at 4–5. Defendants are correct that "[t]he negligent causing of emotional distress is not an independent tort, but is in effect the tort of negligence." *Ridings v. Maze*, 2018 OK 18, ¶ 6, 414 P.3d 835, 837. Plaintiffs have pled a negligence claim in their amended complaint. *See* Doc. 8, at 19–24 (Count I).

Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiffs' NIED claim, *see id*. at 45–46 (Count XII of the amended complaint).[4]

Fifth, Defendants move to dismiss Plaintiffs' breach of express and implied warranty claims, *see* Doc. 8, at 32–33 (Counts VI and VII of the amended complaint) on statute-of-limitations grounds. *See* Doc. 11, at 10–11. Under Oklahoma law, a five-year statute of limitations, normally running from the time of sale, governs breach of warranty claims. *See Dinwiddie v. Suzuki Motor of Am., Inc.*, 111 F. Supp. 3d 1202, 1209 (W.D. Okla. 2015) ("[I]n Oklahoma, express and implied warranty claims must be brought within five (5) years from the time of sale."); *see also* 12A O.S. § 2-725; *Masquat v. DaimlerChrysler Corp.*, 2008 OK 67, ¶ 17, 195 P.3d 48, 54. Plaintiffs allege that the mesh products at issue were implanted in Ms. Mears in November 2009, such that the five-year statute of limitations ran in November 2014—nearly four years before Plaintiffs filed this suit. *See* Doc. 8, at 3; Doc. 11, at 10. Thus, Defendants argue, Plaintiffs' breach of warranty claims are untimely and should be dismissed. Doc. 11, at 10.

Plaintiffs counter by asserting that the statute of limitations applicable to their breach of warranty claims is subject to equitable tolling on the grounds of fraudulent concealment. *See* Doc. 12, at 5; *see also id*. at 4 (noting in their response that the fraudulent concealment allegations pled in their amended complaint are salient to "identifying the Defendants' actions in the products liability claim" and rebutting "any statute of limitations

---

[4] Plaintiffs request leave to amend to retain these NIED allegations or replead them as a proper negligence claim. *See* Doc. 12, at 4–5, 7. But "[a] party moving under Fed. R. Civ. P. 15(a)(2) to amend a pleading, or under Fed. R. Civ. P. 15(d) to supplement a pleading, must attach the proposed pleading as an exhibit to the motion." LCvR15.1. If Plaintiffs wish to seek leave to file a second amended complaint, then they should comply with the procedures set out in the federal and local rules to do so.

6

defense potentially raised by Defendants" (emphasis and capitalizations omitted)). Fraudulent concealment may permit equitable tolling for breach of warranty claims. *See* 12A O.S. § 2-725(4) ("This section does not alter the law on tolling of the statute of limitations . . . ."); *see also Kinzer v. Remington Arms Co., Inc.*, No. CIV-09-1242-R, 2010 WL 11451121, at *5 (W.D. Okla. Sept. 1, 2010); *AG Equip. Co. v. AIG Life Ins. Co.*, No 07–CV–0556–CVE–PJC, 2008 WL 4570319, at *3 (N.D. Okla. Oct. 10, 2008) ("[F]raudulent concealment is typically raised as a response to a statute of limitations defense, rather than as a separate claim for relief."). Given that Plaintiffs raise the issue of fraudulent concealment in their response brief, along with pleading fraudulent concealment allegations in their amended complaint, the Court cannot at this juncture say as a matter of law that Plaintiffs' breach of warranty claims are time-barred. *Cf. Kinzer*, 2010 WL 11451121, at *5. Accordingly, the Court declines to dismiss on timeliness grounds Counts VI and VII of Plaintiffs' amended complaint.

Defendants additionally argue that Plaintiffs' breach of implied warranty claim (Count VII) should be dismissed because such a claim is an inappropriate remedy in a products liability suit. *See* Doc. 11, at 10–11; Doc. 13, at 6. Plaintiffs assert that, "[u]nder Oklahoma law, implied warranty is a separate and distinct claim from products liability." Doc. 12, at 5. As the Oklahoma Supreme Court has noted, "breach of implied warranty is no longer an appropriate remedy for recovery in products liability actions except as provided in the Uniform Commercial Code." *Kirkland*, 1974 OK 52, ¶ 39, 521 P.2d at 1365. This accords with Defendants' argument. If, however, Defendants are also arguing that Plaintiffs are barred under Oklahoma law from bringing an implied warranty claim at

7

all, they are wrong: "[t]he Uniform Commercial Code still presents an independent basis for a warranty claim." *Daugherty v. Farmers Coop. Ass'n*, 1984 OK 72, ¶ 16, 689 P.2d 947, 951. That breach of implied warranty and products liability claims are pled alongside each other does not alone warrant dismissal of the former claim. Rather, the question is whether Plaintiffs have sufficiently pled a breach of implied warranty claim under Oklahoma's Uniform Commercial Code. But this is a question Defendants have not asked—and the Court will not ask it for them.[5] Accordingly, Defendants' motion as to Count VII of Plaintiffs' amended complaint is denied.

Sixth, Defendants move to dismiss Plaintiffs' products liability claims. *See* Doc. 11, at 11. "The Oklahoma Supreme Court has identified three elements to a products liability claim: the defect must have (1) caused the injury in question, (2) existed at the time it left the manufacturer's control, and (3) made the product unreasonably dangerous." *Braswell v. Cincinnati Inc.*, 731 F.3d 1081, 1085 (10th Cir. 2013) (citing *Kirkland*, 1974 OK 52, ¶¶ 29–31, 521 P.2d at 1363). Defendants argue that Plaintiffs have failed to plead sufficient

---

[5] In any event, even if the Court were to assess the sufficiency of Plaintiffs' implied warranty claim, it would decline to dismiss it. Under Section 2-314 of Oklahoma's Uniform Commercial Code, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 12A O.S. § 2-314(1). A good is "merchantable" if it is "fit for the ordinary purposes for which such goods are used." *Id*. § 2-314(2)(c). Elementally, a plaintiff must show the following to make out a claim for breach of implied warranty of merchantability: "(1) a sale of goods by a merchant, (2) the goods were not 'merchantable' at the time of sale, (3) injury and damage to the plaintiff or his property proximately caused by the defective nature of the goods, and (4) appropriate notice of breach to the seller." *Collins Radio Co. of Dallas, Tex. v. Bell*, 1980 OK CIV APP 58, ¶ 43, 623 P.2d 1039, 1053. Plaintiffs' complaint alleges that Defendants sold the products at issue, that these products were impliedly warranted to be merchantable, that the products were put to ordinary use, and that the products' defects caused Plaintiffs' injuries. *See* Doc. 8, at 33–34. Taking as true Plaintiffs' well-pled factual allegations, the Court finds that Plaintiffs have sufficiently pled a breach of implied warranty claim. *See Farmers Ins. Co., v. Big Lots, Inc.*, No. 15–CV–97–GKF–PJC, 2015 WL 5943447, at *5 (N.D. Okla. Oct. 13, 2015) (declining to dismiss breach of implied warranty claim with similar factual allegations, despite plaintiffs' failure to "specifically reference § 2-314").

factual material to satisfy these elements—namely, that Plaintiffs have identified neither an injury nor a defect. *See* Doc. 11, at 11; Doc. 13, at 6–7. But Defendants' argument is premised on a needlessly narrow reading of Plaintiffs' complaint. For example, Plaintiffs, responding to the motion, indicate that Paragraph 6 of their amended complaint—which notes that "the mesh was surgically removed" on November 10, 2016, because it was "penetrating the vaginal wall"—identifies an injury to Ms. Mears. *See* Doc. 11, at 6; *see also* Doc. 8, at 3. As well, Paragraph 39, incorporated into Plaintiffs' specific claims, lists fourteen illustrations of "the specific nature of the Products' defects." *See* Doc. 8, at 12–14. Paragraph 40 likewise alleges that "[t]he Products [were] also defective due to Defendants' failure to adequately warn or instruct the female Plaintiff," and it includes nineteen sub-paragraphs further explicating this alleged failure to adequately warn. *See id*. at 14–15. These facts, likely sufficient on their own, precede further factual material comprising Plaintiffs' specific products liability claims (Counts II–V of the amended complaint). *See id*. at 24–31. Plaintiffs aver in these claims that Ms. Mears endured "significant mental and physical pain and suffering," "permanent injury," and "financial and economic loss" "[a]s a direct and proximate result of the Products' aforementioned defects . . . ." *See, e.g., id*. at 26; *see also id*. at 19 (Paragraph 56 containing similar allegations of injuries sustained by Plaintiff Shirley Mears from "having the Products implanted in her"). Defendants cite *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* in arguing that these allegations are insufficient to make out products liability claims, but Fed. R. Civ. P. 8(a)(2)—even when viewed through the lens of *Twombly* and *Iqbal*—simply requires that Plaintiffs give Defendants "fair notice" of the claims and the grounds

upon which they rest. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th Cir. 2012); *see also supra* Section II. Plaintiffs' amended complaint does this. Accordingly, Defendants' motion as to Counts II–V of the amended complaint is denied.

Finally, Defendants argue that Plaintiff Carl Mears's loss of consortium claim (Count XVI of the amended complaint) should be dismissed. Doc. 11, at 12. Presumably this argument is premised on the Court dismissing Plaintiff Shirley Mears's claims, as loss of consortium is derivative of the injured spouse's right to recover. *See id.*; *see also Laws v. Fisher*, 1973 OK 69, ¶ 9, 513 P.2d 876, 878. As the Court has declined to dismiss the entire complaint, Defendants' motion as to Count XVI is denied.

## IV. Conclusion

In sum, the Court

- GRANTS Defendants' motion as to Claims VIII, XII, and XIII of Plaintiff's amended complaint; and
- DENIES Defendants' motion as to Plaintiffs' remaining claims.

The Court also denies Plaintiffs' request for leave to amend. *See* Doc. 12, at 7. Plaintiffs must follow proper procedures pursuant to federal and local rules to request such leave. *See supra* note 4.

IT IS SO ORDERED this 12th day of April, 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE